UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JOSEPH NOBLE, | No. 2:13-cv-00008 GEB AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION |
| T. VIRGA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2011 prison disciplinary proceeding. ECF No. 1. Respondent has answered, ECF No. 14, and petitioner has filed a traverse, ECF No. 15.

I.  Factual and Procedural Background

On August 11, 2000, petitioner was convicted in the Los Angeles Superior Court of grand theft from the person of another and sentenced to an indeterminate term of twenty-five years to life under California's Three Strikes Law. See Noble v. Evans, 2:09-cv-01221-MCE-DAD (E.D. Cal.).[1] In a subsequent prosecution, petitioner pleaded guilty to possession of a sharp instrument while a state prisoner and admitted two prior strike convictions. See Noble v. Virga, 2:13-cv-00888-AC-P (E.D. Cal.) (dismissed Oct. 29, 2013). On February 10, 2011, he was sentenced to twenty-five years to life consecutive to the term he was already serving. Id.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

On April 18, 2011, petitioner was issued a rules violation report for refusing to submit a mandatory urine sample while in custody. He subsequently entered a plea of guilty and was found guilty of the equal and included charge of refusing to obey orders. ECF No. 1 at 27-28. In the present habeas application, petitioner is challenging this 2011 prison disciplinary proceeding which resulted in a fifteen day loss of credit and placement in the Segregated Housing Unit ("SHU") for a separate fifteen day period. ECF No. 1 at 28. Petitioner raises a single Fourth Amendment challenge to his disciplinary conviction alleging that he was selected for drug testing without probable cause and as a means of harassment. ECF No. 1 at 6-8.

In their answer to the petition, respondent contends that the state courts did not unreasonably apply clearly established federal law or unreasonably determine the facts of the case when they denied petitioner state habeas corpus relief. ECF No. 14 at 5. Respondent further argues that petitioner's harassment claim is conclusory and does not merit federal habeas relief. Id.

II.     Habeas Jurisdiction

The establishment of jurisdiction is a necessary prerequisite to proceeding with this action. See Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009). Petitioner does not challenge the validity of his convictions or sentences, the length of his confinement, or the denial of parole. Rather, petitioner challenges the guilty finding that occurred at a 2011 disciplinary hearing. As a preliminary matter, it is not entirely clear to the court that petitioner's claim sounds in habeas in light of the indeterminate fifty to life sentences that he is serving.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . 42 U.S.C. § 1983. While the two remedies are not necessarily mutually exclusive, Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004), challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). Federal habeas corpus jurisdiction is also available to a prisoner seeking "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic

1  v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047

2  (7th Cir. 1982) (emphasis added)); see also Docken v. Chase, 393 F.3d 1024, 1028–29 (9th Cir.

3  2004).  Therefore, the court must first determine whether the disciplinary proceeding at issue in

4  the present case has any effect on the fact or duration of petitioner's confinement.

5       The Ninth Circuit has permitted habeas to be used to assert claims that are "likely to

6  accelerate" eligibility for parole, even though success in such cases would not necessarily

7  implicate the fact or duration of confinement.  Docken, 393 F.3d at 1028 (citing Bostic v.

8  Carlson, 884 F.2d 1267 (9th Cir.1989).  The actual holding in Docken is narrow and establishes

9  that "when prison inmates seek only equitable relief in challenging aspects of their parole review

10  that, so long as they prevail, could potentially affect the duration of their confinement, such relief

11  is available under the federal habeas statute."  Docken, 393 F.3d at 1031 (emphasis added).

12       In Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), cert. denied, 541 U.S. 1063

13  (2004)), the Court held that habeas jurisdiction is absent and a 42 U.S.C. § 1983 action proper

14  "where a successful challenge to a prison condition will not necessarily shorten the prisoner's

15  sentence."  In Ramirez, a California state prisoner brought a civil rights action under 42 U.S.C. §

16  1983, seeking damages, declaratory relief and injunctive relief.  Id. at 853.  The prisoner's

17  complaint alleged that the procedures of his prison disciplinary hearing and the term of his

18  administrative segregation violated his constitutional rights.  Id. at 852.  The District Court

19  dismissed both claims.  Id.  The Ninth Circuit reversed, holding that an inmate can "challenge the

20  conditions of his confinement under § 1983 [where] his claim, if successful, would not

21  necessarily invalidate a disciplinary action that affects the fact or length of his confinement."  Id.

22  The Ninth Circuit found that Ramirez's request for expungement of disciplinary records will not

23  necessarily shorten the length of his confinement because the parole board will still have

24  authority to deny parole based on several other grounds.  Id. (citing Neal v. Shimoda, 131 F.3d

25  818 (9th Cir. 1997).

26       This Court finds that the time credit forfeiture imposed on petitioner as a result of his

27  disciplinary proceeding will not inevitably affect the duration of his sentence for two separate and

28  distinct reasons.  First and foremost, petitioner is eligible to have his custody credits restored

1 absent any litigation in court.  See Cal. Code Regs., tit. 15 § 3327(b); see also ECF No. 1 at 28
2 (petitioner's notice of credit restoration process).[2]  "Upon completion of a disciplinary-free period
3 for Division D, E, and F offenses… an eligible inmate may apply to their caseworker for credit
4 restoration by submitting a CDC Form 958."  Cal. Code Regs., tit. 15 § 3327(b); see also Cal.
5 Code Regs., tit. 15 § 3327(d) (noting that "[i]f less than 100 percent of restorable credits forfeited
6 are restored by the classification committee, the inmate may make additional applications for
7 restoration upon completion of additional disciplinary-free periods until all restorable credit is
8 restored or the inmate is released from custody").  The availability of relief through this
9 regulatory scheme suggests that the duration of petitioner's confinement will ultimately not be
10 affected by this disciplinary infraction.  Id.  Accordingly, the Court concludes that habeas
11 jurisdiction is absent here.

12 Secondly, any claim that the challenged disciplinary conviction will defeat petitioner's
13 future parole prospects is far too attenuated to establish habeas jurisdiction.  See Wilson v.
14 Terhune, 319 F.3d 477, 482 (9th Cir. 2003) (rejecting petitioner's argument that a prison
15 disciplinary conviction would provide the basis for the denial of parole).  That is particularly true
16 here, where petitioner was charged and ultimately convicted of possessing a sharp instrument as a
17 prison inmate while he was serving his original base term of twenty-five years to life.  In light of
18 this subsequent offense, a rules violation report for failing to provide a urine sample pales by
19 comparison.  Additionally, parole suitability decisions are dependent on a number of factors.  See
20 Cal. Code Regs. Tit. 15, § 2402(b)-(d).  Any parole decision depends on "an amalgam of
21 elements, some of which are factual but many of which are purely subjective appraisals by the
22 Board members based on their experience with the difficult task of evaluating the advisability of
23 parole release."  Greenholtz v. Inmates of Nebraska Corr. & Penal Complex, 442 U.S. 1, 9–10
24 (1979).  The likelihood that petitioner's disciplinary conviction will affect his parole eligibility is
25 simply too remote to conclude that it has a sufficient nexus to the duration of his confinement to
26 support habeas jurisdiction.

---

[2] However, the court notes that if petitioner had been convicted as originally charged, the forfeited credits could not be restored.  See Cal. Code Regs., tit. 15 § 3327(a)(4)(B).

Therefore, petitioner's Fourth Amendment challenge to his 2011 prison disciplinary proceeding is not cognizable on federal habeas review.  Rather, to the extent petitioner seeks to challenge the sanction that resulted from the disciplinary finding, a civil rights action brought under 42 U.S.C. § 1983 is his only available avenue by which to seek relief.  See Burnsworth v. Gunderson, 179 F.3d 771, 775 (9th Cir. 1999) (expunging a disciplinary conviction in a § 1983 action where there was no evidence presented at the hearing to support the conviction).  Accordingly, this federal habeas petition should be dismissed without prejudice.

III.    Leave to Amend

While leave to amend is to be granted liberally to pro se parties,[3] the court also has discretion to construe petitioner's claims as a complaint under 42 U.S.C. § 1983.  See Willwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006).  However, applicable provisions of the Prison Litigation Reform Act of 1995 ("PLRA") make it inappropriate to construe a habeas petition as a civil rights complaint.  Due to the PLRA's filing fee requirements, its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless the prisoner clearly wishes to do so.  See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that courts should not recharacterize nature of prisoner's claim because PLRA and AEDPA created "pitfalls of different kinds for prisoners using the wrong vehicle").  Thus, it is recommended that petitioner's claims be dismissed without prejudice instead of converting the claims into a 42 U.S.C. § 1983 action.  This recommendation will permit petitioner to file a separate civil rights action raising the claim herein should he choose to do so.

---

[3] See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (stating that "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

1  Accordingly, IT IS RECOMMENDED that petitioner's application for federal habeas
2  corpus be dismissed without prejudice to his pursuit of a separate civil rights action.
3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,
8  he shall also address whether a certificate of appealability should issue and, if so, why and as to
9  which issues.  Where, as here, the petition was dismissed on procedural grounds, a certificate of
10 appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it
11 debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of
12 reason would find it debatable whether the petition states a valid claim of the denial of a
13 constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.
14 McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed
15 within fourteen days after service of the objections.  The parties are advised that failure to file
16 objections within the specified time may waive the right to appeal the District Court's order.
17 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
18 DATED: March 6, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6